IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT DISTRICT OF TENNESSEE, WESTERN DIVISION

---

REGINALD FRANKLIN,

      Plainitiff,

v.    No.:_____
      Jury Demanded

NEW BREED LOGISTICS, INC.

      Defendant.

---

## COMPLAINT

---

Comes now the Plaintiff, Reginald Franklin (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Paul Forrest Craig and Daniel Owen Lofton, and sues the Defendant, New Breed Logistics, LLC (hereinafter referred to as "Defendant") and for cause would show unto the Court:

### Parties

1. Reginald Franklin is a resident of the County of Shelby, State of Tennessee and resides at 3015 Knight Road, Memphis, TN 38118.

2. That the Defendant New Breed Logistics, Inc. is a corporation organized under the laws of the State of North Carolina with a principal place of business located at 4043 Piedmont Pkwy, High Point, NC 27265 which operates a local operation located at 3676 E. Raines Rd., Memphis, TN 38118 and may be served with process through its registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

## Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violations of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2) for racial discrimination; (42 U.S.C. Sec 1981 *et seq.*) for Civil Rights violations; violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.*); and Fair Labor Standards Act (29 U.S.C. Sec. 201 *et seq.*)..

Venue is proper as the events which make up this cause of action occurred in the Western District of the State of Tennessee.

That the damages sought in the matter in controversy and to which the Plaintiff believes he is entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

1. That Reginald Franklin (the "Plaintiff") is an African-American male who is 49 years of age.

2. That the Defendant conducts a business under the name of New Breed Logistics which engages in the commerce of the shipping and transport industry and operates a location at 3676 E. Raines Rd., Memphis, TN 38118.

3. On or about August 20, 2007, the Defendant hired the Plaintiff in the position of Shipping Supervisor with an annual salary of $48,000.00.

4. That during the time the Plaintiff worked for the Defendant he received satisfactory performance evaluation.

5. That during the time that the Plaintiff was employed by the Defendant his position routinely required him to work in excess of 40 hours per week. During those weeks in which he worked in excess of 40 hours per week, the Defendant compensated the Plaintiff at a rate of pay equal to $23.08 per hour.

6. An annual salary of $48,000.00 computes to an hourly rate of $23.08 per hour for a standard 40 hour work week.

7. Additionally, during his tenure of employment with the Defendant, the Plaintiff was on-call at least one Sunday every month for a twenty-four hour period for which he did not receive any compensation.

8. In November, 2011, the Plaintiff was employed by the Defendant when an accident occurred on the work property for which the Defendant accused the Plaintiff of being responsible.

9. The Plaintiff was not responsible or involved with this accident, he was merely the supervisor at the time the accident took place.

10. In the past, the Defendant had never held the supervisor accountable for accidents that took place.

11. That Defendant claimed there had been a change in policy which made the supervisor liable for the accident. However, the Defendant failed to provide notice of this change of policy to the Plaintiff.

12. On or about November 30, 2011, the Defendant terminated the Plaintiff.

13. At the time of his termination, the Plaintiff was an African American male of 48 years of age.

14. At the time of her termination, the Plaintiff was qualified for the position that

he held which is evidenced the history of favorable performance evaluations of the Plaintiff.

15. At the time of her termination, the Plaintiff was making an annual salary, with compensated overtime, of approximately $66,000.00.

16. Based upon information and belief, the Plaintiff was replaced by an individual who was significantly younger than the Plaintiff.

17. Based upon information and belief, the Plaintiff was replaced by an individual who was of the caucasian race.

18. Based upon information and belief, the Plaintiff was treated less favorable than similarly situated employee who were younger and not of the African-American race.

19. On or about January, 2012, the Plaintiff filed a charge of racial and age discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). (A copy of the Charge of Discrimination is attached as Exhibit "B").

20. On or about June 19, 2012, the Plaintiff received a Notice of Right to Sue letter from the EEOC.

21. The Plaintiff seeks both compensatory (including but not limited to both front and back pay), liquidated and punitive damages, and contractual damages in an amount to be proven at a hearing of this cause to be no less than Eight Hundred and Seven Thousand Five Hundred and Twenty ($807,520.00) Dollars for Defendants' violation of the racial discrimination in violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2*),* for violation of the Plaintiff's Civil Rights (42 U.S.C. Sec. 1981 *et seq.*), for violation of the Age Discrimination Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.),* for violation of the Fair Labor Standards Act (29 U.S.C. Sec. 201 *et seq.),* pain and suffering, and other economic losses.

Count One

Racial Discrimination in violation of Title VII of the Civil Rights Act

22. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-21 of the complaint as if set forth herein verbatim.

23. At the time of his termination, the Plaintiff was an African-American male.

24. As a member of the African-American race, the Plaintiff is a member of a protected class as defined under Title VII of the Civil Rights Act.

25. At the time of her termination, the Plaintiff was qualified for the position of he held with the Defendant and had held with the Defendant since 2007.

26. That while the Plaintiff was in the employ of the Defendant, he always received favorable performance evaluations.

27. The Defendants took adverse employment action against the Plaintiff when they terminated him on November 30, 2011.

28. Further, there were other employees, similarly situated as the Plaintiff, who were not members of the African-American race who were not terminated.

29. Based upon information and belief, the Plaintiff was replaced by an individual who is not a member of a protected class as defined under Title VII of the Civil Rights Act.

30. That these actions of the Defendants are unlawful employment practices and constitutes racial discrimination, a violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2.).

31. That as a result of the Defendant's violation of the Title VII of the Civil Rights Act (42 U.S.C. 2000e-2) against the Plaintiff, the Plaintiff has suffered damages in an amount to

be proven at a hearing of this cause.

Count Two

Violation of Plaintiff's Civil Rights

32. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-31 of the complaint as if set forth herein verbatim.

33. That the actions of the Defendants are in violation of the Plaintiff's civil rights as defined in 42 U.S.C. Sec. 1981 *et seq.*

34. That these actions of the Defendants violate the Plaintiff's Civil Rights (42 U.S.C. Sec. 1981 *et seq.*).

35. That the actions of the Defendants were motivated, in part, by the race of the Plaintiff.

36. That as a result of the Defendants' violation of the Plaintiff's Civil Rights (42 U.S.C. 1981 *et seq.*), the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

Count Three

Violation of the Age Discrimination Employment Act

37. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-36 of the complaint as if set forth herein verbatim.

38. At the time of his termination, the Plaintiff was 48 years of age.

39. At the time of his termination, the Plaintiff was qualified for the position that he held with the Defendants and had held with the Defendant since 2007.

40. That while the Plaintiff was in the employ of the Defendant, he always received favorable performance evaluations.

41. The Defendant took adverse employment action against the Plaintiff because of his termination.

42. Based upon information and belief, the Plaintiff was replaced by an individual who was younger than the Plaintiff.

43. Further, there were other employees, similarly situated as the Plaintiff, who were younger than the Plaintiff who were not terminated.

44. That these actions of the Defendants are unlawful employment practices and constitutes age discrimination, a violation of Age Discrimination Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.*).

45. That as a result of the Defendants' violation of the ADEA (29 U.S.C. 621 *et seq.*) against the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

## Count Four

### Violation of Fair Labor Standards Act

46. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-45 of the complaint as if set forth herein verbatim.

47. That while in the employ of the Defendant, the Plaintiff made an annual salary of $48,000.00 per year.

48. The position that the Plaintiff held with the Defendant caused the Plaintiff to work overtime on a routine basis. When the Plaintiff worked overtime, he was compensated at an hourly rate of $23.08.

49. An annual salary of $48,000.00 computes to an hourly rate of $23.08 per hour for a standard 40 hour work week.

50. That during his tenure with the Defendant, the Plaintiff worked approximately 3,165 hours of overtime.

51. That in accordance with 20 U.S.C. Sec. 207(a)(1) the rate of overtime pay should be no less than "one and one-half times the regular rate at which he is employed".

52. One and one-half times of the Plaintiff's regular rate would equal $34.63 per hour.

53. The Defendant failed to pay the Plaintiff the minimum overtime rate of pay for the period of time which the Plaintiff was employed by the Defendant.

54. The Defendant's failure to pay the Plaintiff the minimum overtime rate constitutes a violation of the Fair Labor Standards Act (29 U.S.C. Sec. 201 *et seq.*)

55. That as a result of the Defendant's violation of the Fair Labor Standards Act (29 U.S.C. 2011 *et seq.*) against the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

## Count Five

### Pain and Suffering

56. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-55 of the complaint as if set forth verbatim herein.

57. The actions on the part of Defendants has caused the Plaintiff to endure great pain and suffering.

58. That as a result of the Defendants' causing the Plaintiff pain and suffering, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendants herein requiring it to answer this Complaint.

2. That the Plaintiff reserves the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory (including but not limited to both front and back pay), liquidated and punitive in a total amount of no less than Eight Hundred and Seven Thousand and Five Hundred and Twenty ($807,520.00) Dollars and pre-judgment interest on any amount that is awarded.

5. That the Plaintiff be reinstated to his position with the Defendant.

6. That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

7. For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

s/Paul Forrest Craig
PAUL FORREST CRAIG (#18359)
Attorney for Plaintiff
100 N. Main St., Ste. 923
Memphis, TN 38103
(901) 526-7837

s/Daniel Owen Lofton
DANIEL OWEN LOFTON (#27386)
Attorney for Plaintiff
100 N. Main St., Ste. 923
Memphis, TN 38103
(901) 526-7837